Saul S. Rostamian (SBN: 235292)
srostamian@winston.com
Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Andrew S. Jick (SBN: 278943)
ajick@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
T: (213) 615-1700
F: (213) 615-1750

Attorneys for Plaintiff
CMG WORLDWIDE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CMG WORLDWIDE INC., an Indiana corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>US SPECIALTY VEHICLES LLC, a California limited liability company; TANG QINGJIE, an individual; and DOES 1-10,<br><br>　　　　　Defendants. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>(1) False Endorsement and Unfair Competition under 15 U.S.C. § 1125(a)<br>(2) Violation of Right of Publicity under Cal. Civ. Code § 3344.1<br>(3) Unfair Competition under Cal. Bus. & Prof. Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

LA:370756.8

Plaintiff CMG Worldwide Inc. ("CMG") brings this action against Defendants US Specialty Vehicles LLC ("USSV") and Tang Qingjie (collectively, "Defendants"), for violations of the right of publicity and Lanham Act, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1332 because these claims are joined with substantial and related claims under the federal Lanham Act.

2. This Court has personal jurisdiction over USSV because, on information and belief, USSV is registered as a California limited liability company; has its principal place of business in Chino, California; has a registered agent for service of process in Irvine, California; has substantial, continuous, and systematic contacts with California; and purposefully avails itself of the benefits and protections of California's laws.

3. This Court has personal jurisdiction over Mr. Tang because, on information and belief, he resides in California; is domiciled in California; owns and operates a business in California; has substantial, continuous, and systematic contacts with California; and purposefully avails himself of the benefits and protections of California's laws. CMG's claims against Defendants arise out of and are related to their contacts with California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391 because Defendants committed a substantial portion of the acts complained of in this district, because Defendants are subject to personal jurisdiction in this district, and because Defendants' conduct caused harm to CMG in this district.

## NATURE OF THE ACTION

5. This action arises from Defendants' willful infringement of CMG's rights to General George S. Patton, Jr. ("General Patton") through Defendants' marketing

1

**COMPLAINT**

LA:370756.8

and selling a certain specialty vehicle using the name, likeness, image, personae and initials of General Patton without CMG's consent. Defendants' conduct constitutes false endorsement and unfair competition under 15 U.S.C. § 1125(a), violation of the right of publicity under Cal. Civ. Code § 3344.1, and unfair competition under Cal. Bus. & Prof. Code 17200 *et seq*.

6. Defendants' misuse of General Patton's name, likeness, images, personae and initials in connection with the marketing and sales of a certain specialty vehicle is willful, oppressive and malicious, and is intended to cause confusion about the endorsement or sponsorship of the product. To halt Defendants' infringing acts and compensate CMG for the ongoing harm that Defendants are intentionally causing, CMG is entitled to injunctive relief and profits, actual and/or statutory damages, treble damages, punitive damages and attorneys' fees in this exceptional case.

## THE PARTIES

7. Plaintiff CMG is incorporated in Indiana and has its principal place of business in Indianapolis, Indiana, with an office in West Hollywood, California.

8. Defendant USSV is a California limited liability company and, on information and belief, has its principal place of business in Chino, California.

9. Defendant Mr. Tang is an individual and, on information and belief, resides in California. On information and belief, Mr. Tang is the owner and operator of USSV.

10. CMG does not know the true names and capacities of defendants Does 1-10, inclusive, and therefore sues defendants by such fictitious names. CMG is informed and believes and therefore alleges that each of these fictitiously named defendants is responsible for the occurrences alleged in this Complaint, and that CMG's damages alleged herein were proximately caused by such defendants' actions. When CMG ascertains the true names and capacities of Does 1-10, it will amend this Complaint accordingly.

# FACTUAL ALLEGATIONS

**A.   CMG's Exclusive Rights in General Patton's Name, Image and Likeness**

11. CMG is the exclusive, worldwide agent and representative for the family of General Patton (the "Patton Family"), and sole proprietors of certain trademark rights, the right of association and sponsorship, and the right of publicity in and to the name, image, voice, signature, and likeness of the late General Patton. CMG licenses General Patton's name, likeness, images, signatures, personae, and other related indicia to third parties. Under its various agreements with the Patton Family, CMG is charged with the exclusive responsibility and authority with respect to enforcing General Patton's intellectual property rights.

12. General Patton is one of the most famous military commanders in U.S. history. He was one of the highest-ranking generals in command of U.S. forces in World War II. In addition to his military achievements, he was known for his colorful personality, aggressive military strategy, and ability to motivate troops. "Patton," a biographical film about General Patton, was released in 1970; the film was incredibly popular and won several Academy Awards (including Best Picture). General Patton remains the subject of attention, publicity, and comment to this day. For example, "Killing Patton: The Strange Death of World War II's Most Audacious General," co-authored by talk-show host Bill O'Reilly, was published September 23, 2014 and, as of this filing, is ranked number one on the New York Times Best Sellers List for the Combined Print & E-Book Nonfiction category.

13. Based on the media's longstanding and extensive coverage of General Patton, his status as a decorated army general and war hero, and his distinctive personality, General Patton's name, image and likeness have earned worldwide fame and recognition and are well-known by members of the public as identifying him.

14. CMG's exclusive rights with respect to General Patton's intellectual property rights are extremely valuable due to General Patton's fame and distinctiveness. CMG's exclusive rights are especially valuable in California, where

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1  General Patton is from, where he was domiciled at the time of his death, and also
2  where CMG maintains an office and transacts substantial business.

3  **B.    <u>Defendants' Unauthorized Use Of General Patton's Name, Image And Likeness</u>**
4

5       15.    Defendants design and manufacture specialty automobiles and specialty
6  automotive aftermarket parts.

7       16.    Since at least April 2014, Defendants have used the terms "Gen. Patton,"
8  "G. Patton," "PATTON" and "GP," as well as an image of General Patton, in
9  connection with advertising and selling a specific specialty and/or modified vehicle
10 manufactured by them (the "Infringing Vehicle"). The Infringing Vehicle is a
11 modified vehicle built on the chassis of a Ford 350 or 450 truck that is designed to
12 look like a militaristic vehicle, and resembles an armored car or a tank.  Defendants
13 have intentionally and explicitly marketed and sold the Infringing Vehicle as
14 associated with, endorsed by and sponsored by General Patton.  Below is a picture of
15 the Infringing Vehicle shown on Defendants' website
16 (www.usspecialtyvehicles.com):



**COMPLAINT**

LA:370756.8

17. Defendants have also posted an image of General Patton on their website in connection with, and for the purpose of, advertising and selling the Infringing Vehicle. Attached hereto as **Exhibit A** is a screenshot of Defendants' website showing Defendants' use of the term "G. Patton" and an image of General Patton in connection with advertising and sale of the Infringing Vehicle. Defendants have also advertised the Infringing Vehicle with the license plate "PATTON," as is reflected on Exhibit A.



5
**COMPLAINT**

LA:370756.8

18. On information and belief, Defendants designed and manufactured the Infringing Vehicles in California, and designed and implemented their advertising and promotional campaign in California, among other things.

19. Defendants featured and promoted the Infringing Vehicle with General Patton's name at the ten-day "Auto China 2014" Beijing International Automobile Exhibition (the "Beijing Auto Show"). The Beijing Auto Show is the leading auto show in China, and one of the top auto shows in the world. The 2010 Beijing Auto Show was reportedly attended by 780,000 people.

20. Defendants' use of General Patton's name, image and likeness in connection with advertising and selling the Infringing Vehicle was not authorized by CMG, and was done without CMG's knowledge.

21. Defendants' use of General Patton's name, image and likeness in connection with advertising and selling the Infringing Vehicle was and is intended to deceive consumers and to cause consumer confusion and mistake as to the affiliation, connection, or association of General Patton with the Infringing Vehicle, and as to the origin, sponsorship, or approval of the Infringing Vehicle by General Patton and/or his assignees. General Patton is not only one of the most famous military leaders in U.S. history; he also led the U.S. army's first armored attack, and was an outspoken advocate for the use of tanks and armored vehicles in combat. Due to extensive media attention, including the well-known film "Patton," the consuming public understands that General Patton is associated with tanks and armored vehicles, and would readily understand that Defendants' use of "Gen. Patton," "G. Patton," and "GP" in connection with the Infringing Vehicle is a reference to General Patton.

22. Mr. Tang himself has acknowledged publicly in connection with promoting the Infringing Vehicle as associated with General Patton that the name of the Infringing Vehicle is intended to reference General Patton. For example, an article titled "Speed, Power and Strength: A Tank-Like Car Named After Gen. Patton Hits China," published April 25, 2014 on the Wall Street Journal's "China Real Time"

1  Report, describes Mr. Tang's intentions with respect to the name of the Infringing
2  Vehicle:
3      As for the very American name, Mr. Tang says it resonates with Chinese
4      of a certain generation. The 1970 film "Patton," starring George C. Scott,
5      was one of the first Western movies shown on local screens when China
6      began opening up, he said. . . . "It's a name every Chinese loves," he
7      said. "An American hero."
8  A copy of the article is attached hereto as **Exhibit B**.

9      23.    According to the China Real Time article, by April 2014 Defendants had
10 sold 18 Infringing Vehicles to buyers, and they hoped to sell 20 per month.  The
11 article reports that the Infringing Vehicles sell for around $575,800 each.

12     24.    On April 29, 2014, upon learning of Defendants' unauthorized
13 commercial use of General Patton's name, image and likeness, CMG sent a letter to
14 Defendants informing them of the infringing nature of their use and demanding that
15 they immediately cease their infringing conduct.

16     25.    Defendants did not agree to cease their unlawful conduct.

17     26.    Instead, Defendants demonstrated their intent to continue and expand
18 their violations of CMG's rights, and attempted to retroactively legitimize their
19 unlawful actions through the United States Patent and Trademark Office ("USPTO").
20 On May 2, 2014, just three days after receiving CMG's letter, Defendants filed an
21 application with the USPTO to register "G. PATTON" or "G. Patton" as a word mark
22 in connection with motor vehicles (Serial No. 86270716).  A copy of this application
23 is attached hereto as **Exhibit C**.  On August 25, 2014, the trademark examining
24 attorney issued an Office Action refusing registration because "the applied-for mark
25 consists of or includes matter which may falsely suggest a connection with the famous
26 general, George S. Patton, Jr."  A copy of this Office Action is attached hereto as
27 **Exhibit D**.  Defendants' attempt to register "G. PATTON" and "G. Patton" as a
28 trademark in this manner is improper, unlawful, and violates CMG's exclusive rights.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Defendants do not have and have never had any legitimate right to use General Patton's name, image or likeness in connection with advertising and selling their commercial products.

27. Despite CMG's efforts to resolve this matter, Defendants continue to unlawfully use General Patton's name, image and likeness in connection with advertising and selling their Infringing Vehicles.

28. Defendants' conduct has caused, and continues to cause, substantial, immeasurable, and irreparable harm to CMG. In particular, Defendants' conduct has damaged the value to CMG of General Patton's name, image and likeness; has damaged CMG's ability to license General Patton's name, image and likeness; and has damaged CMG's ability to enforce its rights to General Patton's name, image and likeness against third parties.

## FIRST CAUSE OF ACTION

### (False Endorsement and Unfair Competition under 15 U.S.C. § 1125(a))

29. CMG realleges and incorporates by reference the foregoing paragraphs as though fully set forth here.

30. Defendants have deliberately and willfully used and continue to use, in commerce, General Patton's name, image and likeness in connection with the Infringing Vehicle, a commercial product, without CMG's consent.

31. Defendants' use of General Patton's name, image and likeness in connection with the Infringing Vehicle constitutes a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of General Patton with the Infringing Vehicle or with Defendants, or as to the origin, sponsorship, or approval by General Patton of Defendants' goods, services, or commercial activities, including its advertising and sale of the Infringing Vehicle.

32. As a direct and proximate result of Defendants' acts alleged herein, CMG has been damaged and suffered harm.

33. CMG's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, CMG is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116.

34. On information and belief, Defendants' acts are willful and malicious, and intended to injure and cause harm to CMG.

35. By reason of Defendants' acts alleged herein, CMG is entitled to recover Defendants' profits, treble damages and the costs of the action under 15 U.S.C. § 1117.

36. This is an exceptional case making CMG eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

**(Violation of Right of Publicity under Cal. Civ. Code § 3344.1)**

37. CMG realleges and incorporates by reference the foregoing paragraphs as though fully set forth here.

38. General Patton is a "deceased personality" within the meaning of Cal. Civ. Code § 3344.1 because his name, image and likeness had commercial value at the time of his death in 1945. At the time of his death, General Patton was domiciled in California.

39. Defendants knowingly and willfully used General Patton's name, image and likeness for purposes of advertising or selling, or soliciting purchases of, the Infringing Vehicle.

40. CMG is, and at all relevant times has been, the registered agent in California for General Patton's rights of publicity.

41. Defendants did not obtain CMG's consent, written or otherwise, to use General Patton's name, image or likeness in any manner.

42. As a direct and proximate result of Defendants' acts, including acts in California, CMG has been damaged and suffered harm, including injury to the value of its exclusive rights to General Patton's name, image and likeness.

43. The above-described acts of Defendants violate CMG's right of publicity under Cal. Civ. Code § 3344.1, entitling CMG to relief.

44. By reason of Defendants' acts alleged herein, CMG is entitled to recover Defendants' profits and its actual damages under Cal. Civ. Code § 3344.1, and/or statutory damages. CMG is also entitled to punitive damages, injunctive relief, attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**(Unfair Competition under Cal. Bus. & Prof. Code § 17200 *et seq.*)**

45. CMG realleges and incorporates by reference the foregoing paragraphs as though fully set forth here.

46. Defendants have commercially exploited General Patton's name, image and likeness without CMG's consent. Defendants' conduct, as alleged above, constitutes unlawful or unfair business acts or practices under Cal. Bus. & Prof. Code § 17200 *et seq.* Defendants' conduct has caused, and, if not enjoined, will continue to cause substantial and irreparable damage to the rights of CMG in General Patton's name, image and likeness. CMG is entitled to relief under Cal. Bus. & Prof. Code § 17203, including enjoining Defendants from engaging in the conduct described above. As a consequence of Defendants' violations, CMG has suffered damages in an amount to be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, CMG asks for a judgment as follows:

1. Permanently enjoining and restraining Defendants and their agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants during the pendency of this action, and thereafter perpetually, from:

10
COMPLAINT

LA:370756.8

  a. using General Patton's name, image or likeness, or any word, symbol, phrase, term, photograph, or image confusingly similar thereto, alone or prominently displayed in promotional material, advertisements, web pages, signs, or in any other way in connection with the advertising, distribution, offering for sale or sale of products or services not authorized by CMG, including in connection with the Infringing Vehicle;

  b. infringing General Patton's name, image or likeness in any manner;

  c. committing any acts of false designation of origin relating to the unauthorized use of General Patton's name, image or likeness; and

  d. unfairly competing with CMG in any manner whatsoever or misappropriating General Patton or CMG's reputation and goodwill;

 2. Awarding CMG all damages it has sustained as a consequence of Defendants' acts complained of herein for violation of right of publicity, unfair competition, infringement, willful infringement, false endorsement as well as treble damages, punitive damages, and statutory damages where permitted;

 3. That Defendants be ordered to account to CMG for, and disgorge, all profits they have derived by reason of the unlawful acts complained of herein;

 4. That Defendants be ordered to pay CMG's reasonable attorneys' fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117, Cal. Civ. Code § 3344.1, and/or Cal. Civ. Proc. Code § 1021.5;

 5. That Defendants be directed to undertake corrective advertising to remedy the confusion, mistake and deception caused by their unauthorized use of General Patton's name, image and likeness;

 6. That Defendants be directed under 15 U.S.C. §1116 to file with the Court and serve upon CMG within thirty (30) days after the issuance of any injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and

7. That CMG be awarded such other and further relief as the Court may deem just and the circumstances warrant.

Dated: October 24, 2014

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/* Erin R. Ranahan
Saul S. Rostamian
Erin R. Ranahan
Andrew S. Jick

Attorneys for Plaintiff
CMG WORLDWIDE INC.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CMG demands a trial by jury of all issues that may be tried to a jury in this action.

Dated:  October 24, 2014

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/*  Erin R. Ranahan
Saul S. Rostamian
Erin R. Ranahan
Andrew S. Jick

Attorneys for Plaintiff
CMG WORLDWIDE INC.